Thomas A. Mesereau, Jr. (SBN 091182)
Email: mesereau@mesereauyu.com
Susan C. Yu (SBN 195640)
Email: yu@mesereauyu.com
MESEREAU & YU, LLP
10390 Santa Monica Blvd., Suite 220
Los Angeles, California 90025
Tel: (310) 789-1177
Fax: (310) 861-1007

Attorneys for Defendant Joseph Aram Babajian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 07-00755-DDP |
| Plaintiff, | |
| vs. | DEFENDANT JOSEPH ARAM BABAJIAN'S SENTENCING MEMORANDUM |
| JOSEPH ARAM BABAJIAN, KYLE JOHN GRASSO, LILA RIZK, AND L. SCOTT ROBINSON, | |
| Defendants. | |

Defendant Joseph Aram Babajian respectfully submits the following Sentencing Memorandum.

I.

## INTRODUCTION

Defendant Joseph Aram Babajian was indicted on twenty one counts of alleged mortgage fraud. The counts included conspiracy, aiding and abetting, bank fraud, loan fraud, wire fraud and forfeiture. The government alleged that Mr. Babajian, a real estate agent, assisted in a fraud scheme that defrauded lenders of approximately forty six million dollars.

Mr. Babajian was acquitted of thirteen counts. The jury hung on the remaining eight counts.

To resolve this case, Mr. Babajian has pleaded guilty to a misdemeanor not contained in the original indictment. The misdemeanor encompasses Mr. Babajian accepting two referral fees on transactions in which he did not personally participate. The referral fees were transmitted in the form of checks which were processed through his real estate company, Prudential.

The government has recommended no jail time. The plea agreement does not require any discipline of Mr. Babajian's real estate license. The government has separately agreed that this is not a crime of moral turpitude. The government agrees to waive its ability to sue Mr. Babajian in a related civil action. The recommended restitution amount is $35,585.00 and the recommended fine is $15,248.25.

The Probation Office of the United States District Court has recommended one year of probation, as well as a fine, restitution amount and special assessment. The Probation Office has not recommended any incarceration.

Both the government and the Probation Office believe that Mr. Babajian has accepted responsibility for the subject conduct.

II.

## THE TRIAL

Trial testimony and evidence proved the following:

DEFENDANT JOSEPH ARAM BABAJIAN'S SENTENCING MEMORANDUM

(1)  Mr. Babajian had an outstanding reputation in the real estate industry.

(2)  Mr. Babajian received numerous awards for excellence. At one point, he was the highest grossing real estate agent in the country.

(3)  Mr. Babajian's partner and co-defendant told one of the organizers of the fraud that Mr. Babajian would <u>never</u> engage in an inflated loan.

(4)  Mr. Babajian never met with any lender.

(5)  Mr. Babajian never submitted a fraudulent loan package to any lender.

(6)  Mr. Babajian did not prepare any appraisals.

(7)  Mr. Babajian only earned commissions on legitimate transactions. He never received a commission for the fraudulent "leg" of any transaction.

(8)  Mr. Babajian's signature appears on documents reflecting legitimate transactions. His signature does not appear on fraudulent documents.

(9)  The organizers of the fraud often paid in cash. Mr. Babajian never received such cash.

(10)  The organizers of the fraud scheme repeatedly used Mr. Babajian's name to further their activities. On the fraudulent "legs" of their transactions, they used another agent, not Mr. Babajian.

(11)  Mr. Babajian was rarely in his office. He conducted most of his activities in the field.

(12)  Like the banks, lending institutions and others, Mr. Babajian believed that the perpetrators were legitimate real estate developers.

(13)  There was no evidence that Mr. Babajian ever personally used the Multiple Listing Service to conduct a fraud.

Shortly before the government rested, the Court said that it did not believe that the government had proved by a preponderance of the evidence that Mr. Babajian was part of a conspiracy. Following the verdicts, the Court stated that the prosecution faced an "uphill battle" in any retrial.

DEFENDANT JOSEPH ARAM BABAJIAN'S SENTENCING MEMORANDUM

III.

### MR. BABAJIAN'S REPUTATION IS OUTSTANDING

Mr. Babajian has submitted sixty-two letters of recommendation for the Court's review. These letters confirm that, even when facing difficult times, he has numerous supporters in his industry. The letters confirm that Mr. Babajian has a reputation for professionalism, integrity, kindness, compassion and outstanding character. One of the letters was prepared by a former Assistant United States Attorney, Central District.

IV.

### CONCLUSION

Mr. Babajian accepts responsibility for obtaining two real estate commission on transactions in which he did not participate. He deeply regrets this behavior.

Mr. Babajian accepts the Probation Office's recommendation. However, any period of probation may impact his real estate license. Therefore, Mr. Babajian will respectfully defer to the Court as to whether a period of probation is necessary.

Respectfully submitted,

MESEREAU & YU, LLP

Dated: February 9, 2010     By:     /s/Thomas A. Mesereau, Jr.
                                    THOMAS A. MESEREAU, JR.